UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONNIE JERMAINE FARRAR, :
:
:
      Plaintiff, :
:
v. : Civil Action No.
:
UNITED STATES OF AMERICA, *et al.*, :
:
      Defendants. :

**MEMORANDUM OPINION**

    This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

    Plaintiff alleges that Graham C. Mullen, a United States District Judge for the Western District of North Carolina, conspired with the United States of America in denying a motion for reconsideration filed in a habeas action before that court. Compl. at 3 (page numbers designated by the Court). Plaintiff demands that this Court vacate the sentence imposed by a North Carolina state court and remand the matter for resentencing. *See id.*

    Plaintiff's conspiracy claim must be dismissed for his failure to specify in detail the factual basis necessary to enable defendants to intelligently prepare a proper defense to these claims. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996).

    To the extent that he seeks review of the decision of another federal district court, this Court has no such authority. The courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Nor does this Court have jurisdiction to review the decisions of a North Carolina state court. No federal district

court has the authority to review decisions of a state court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)), *aff'd*, 1994 WL 474995 (D.C. Cir. July 27, 1994) (per curiam), *cert. denied*, 513 U.S. 1150 (1995).

Insofar as plaintiff's claim sounds in habeas, plaintiff's incarceration in North Carolina precludes its consideration by this Court. The proper respondent in a *habeas corpus* action is plaintiff's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this Court " may not entertain a habeas petition involving present physical custody unless the [warden] is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Accordingly, the Court will dismiss this action without prejudice. An Order consistent with this Memorandum Opinion will be issued separately.

/s/ John D. Bates
_____
United States District Judge

Date: January 25, 2008